ROBERT ABBOTT, SAMUEL ABBOTT, WILLIAM HANDS AND MARY, HIS WIFE, FRANÇOIS BABY AND FRANCES, HIS WIFE, JACQUES BABY, JR., CHARLES BABY, RAIMOND BABY, WILLIAM BABY, ELIZABETH BABY, AND EDWARD BABY, BY JACQUES BABY THE ELDER, THEIR FATHER AND NEXT FRIEND, HEIRS OF JAMES ABBOTT, SR., DECEASED, *versus* JAMES ABBOTT, JR.

June 29, 1829

380

Alexander D. Fraser, solicitor for complainants.
Farnsworth & Goodwin, solicitors for defendant.

## [OPINION]

In the matter of the Legatees of James Abbot and Mary Abbbot against James Abbot Ex$^r$ of James Abbot Deceased— in Chancery—

In reference to the plea of James Abbot Ex$^r$ of James Abbot— deceased— The grounds on which the plea is founded, are that upon entering upon the administration of the Estate under the will the defendant was required by the Law of the Territory, to enter into a Bond with sureties in a large Amount, to the Judge of probate, conditioned to render an inventory pay the debts, legacies &c and if he is compelled to account as the Bill requires, it will subject him and his sureties to the penalty of the Bond, and therefore that he ought not to be compelled to make the discovery called for by the Bill, which is the only ground of defense assumed by the plea— The point has been pressed on the Court with Zeal in the argument, and several authorities have been read in support of the Plea— I have inspected the authorities cited on both sides and have considered the arguments urged at the Bar pro and con, (in reference to) bearing on the Question— And I am satisfied that no one of the authorities has a direct application to the present case, nor can I find any authority that goes the extent contended for by the def$^{ts}$ Counsel— The penalties mentioned in the Books and against which the def$^{ts}$ are protected are such as are imposed by positive statute enactments, and when incurred and inforced, are an absolute loss to the individual on whom they attach, and are in their nature a punishment, against which a Court of Chancery Cannot relieve— A Court of Chancery will protect a defendant against the disclosure of facts, which would necessarily lead to such a result— But Can the penalty of the Bond set up in the plea, be fairly brought within the excepted class of cases— If not the plea must be overruled— It is necessary to arrive at a correct conclusion, to enquire into the Law connected with an administration Bond and its consequence upon the obligors on its being adjudged forfeited— What the particular provisions of the act under which the Bond in question was given, I am not able to say, as it has not been produced to the Court in the argument and I have it not— I am not However aware that there has been any essential change of the statute laws on that subject, and shall therefore consider the question in reference to our present statute, regu-

lating probate Courts— Under the provisions of the law, as I understand it, the Bond of an administrator or Executor, is a surety, and nothing more, that the Ex$^r$ will pay the debts and legacies under the will, out of the assets of the Testator that shall come into his possession in the Course of Administration, in conformity with the directions of the will or Law— He is required to render an inventory and acc$^t$ &$^c$ Before the Judge of probate when cited so to do— If he fails in any one of his duties, he subjects himself and his securities to an action on the Bond, and if on trial a breach is found ag$^t$ him the penalty of the Bond becomes a debt of record and still stands security as before for the Creditors and legatees. On the Judgment when so entered a creditor or legatee, may have execution not for the whole penalty, but to the amount of his just demand ag$^t$ the estate of the deceased, and on in succession until the penalty of the Bond is exhausted, nor as I understand the law, can a Creditor or legatee have his execution until he judicially establishes his debt or right— The advantage the creditor or Legatee can derive from a Judgment on a Bond, is that of having a certain fund secured, to which he may resort for the payment of his just debt, & which remains a pledge until exhausted— Nor do I perceive that any discovery of the Executor in his answer would necessarily lead to a forfeiture of the Bond given to the Judge of Probate— The condition of the Bond refers specially to the proceedings to be had in the Probate Court—And a query may be well made, whether the Complainants by resorting to a Court of Chancery, do not waive the Bond and all security under it— However on this point I give no opinion, as it is not necessarily drawn into the question by the plea— according to my present understanding of the Law, the having given the Bond in question, does not interpose a sufficient excuse for not answering the complainants Bill and therefore the Plea must be set aside—

In considering the Demurrer, I have met with more dificulties in making up my Opinion. The Demurrer purports to embrace every part of the Bill not met by the plea, and several distinct causes for the Demurrer are assigned, some of record and some ore tenus on argument at the Bar— I will first consider the reasons assign$^d$ of record—

The first cause assig$^d$ that the Bill shews no equity, on which the Court can Decree relief ag$^t$ the Def$^t$— The Bill calls for a discovery and an acc$^t$ in relation to the estate of Mary Abbot— The def$^t$ is charged with having her estate in his hands, either as executor or in some other capacity, and the copliants say they have an interst in such estate, and call on this Court for aid, and I think they are entitled thereto provided they are well in Court and the Court has jurisdiction—

The 2$^d$ Cause alledged is that the complainants are not well in court, in the capacity they claim— They set up their title under the will of Mary Abbot which they say was made and executed in Canada and that it contains all the requisite formalities, to convey the estate of the Testatrix— It does not appear that any steps have been taken either by the Ex$^r$ named in the Will, or other person interested therein to have it proved or authenticated within this Territory— It is not averred in the Bill that the will contains all the requisites necessary to transfer real estate lying in the Territory, or that it was made with reference to the provisions of the laws of the Territory— The conveyance and transfer of real property in all governments, are regulated by the municipal laws of the Country wherein the land lies— A Deed or will executed in a foreign Country, purporting to convey Land in this Country must be a legal Deed or will in reference to our Laws, and ought to be so set up, of record— That a general averment that the will was and is executed according to Law, when made in a foreign Country, must be considered

as refering to the Laws of the Country where made and executed— The $2^d$ Cause of demurrer alledged of record by the Def$^t$ is in my opinion sustained, being well taken—

The $3^d$ Exception taken under the Demurrer, is virtually answered in the remarks made in reference to the 2 cause of Demurrer— This Court are intitled to the inspection of the will under which the Complainants make their claim— But it is not proffered to the Court by the Bill in such manner that the Court Can notice it— When a party is desirous of the aid of a Court of the Territory to inforce his rights under a foreign will he must exhibit it to the Judge of probate for record and give Bond &c   Our laws require a compliance with the latter provision to secure the rights of Creditors as well as Legatees, claiming under the will— As the law has not been complied with to sustain the present Bill so far as the will of Mary Abbot is concerned, would defeat the policy of our Laws— I am of opinion therefore, that the third Cause of demurrer is sustained—

The 4th Cause alledged is that the Court of Probate of the County of Wayne has Jurisdiction of the Cause, and that the jurisdiction of that court is exclusive of the original jurisdiction of the Court of Chancery in matters relating to wills and administrations, on the estates of deceased persons— In support of this exception, the statute Laws establishing and regulating the proceedings of the Courts of Probate have been relied on by the Defendants Counsel— The jurisdiction of a Court of Chancery is in its nature Broad and somewhat difficult to define— It is to be sustained where it is not evident on the face of the proceedings, that a Court of Law can give full and adequate relief— Nor is its jurisdiction taken away in all cases where relief at Law may be had, as in matters of account, where it sustains a concurrent jurisdiction and there are other instances laid down in the Books of like exception— The Court must decide on their jurisdiction by the facts set forth & charged in the Bill, and I am not prepared to say that there are not facts charged in the present Bill proper for the Consideration of a Court of Chancery over which a Court of probate could not sustain jurisdiction or grant complete relief— I am aware of the great inconvenience and hardship that would be imposed on the Citizens of the Territory, to be called before this Court, instead of the Courts of probate, which are located in every County of the Territory, for the settlement of decedents estates— And I am not, as at present advised, prepared to sustain that broad proposition— I am inclined to the opinion, that our probate laws do restrain the jurisdiction of the Court of Chancery, and that it was the evident intention of the Legislature that the Judge of probate should have exclusive original jurisdiction, in cases made cognizable before him, wherein he is vested with sufficient powers to give by his Decrees adequate relief— I am fortified in this opinion, by the provision of the Law which gives an appeal from the decrees of the probate to the Supreme Court, where his acts and proceedings may be revised, and if found erroneous, rectified—

Other causes of Demurrer have been assigned at the Bar in argument, but as the $2^d$ & $3^d$ causes assigned of record are in my opinion sustained, it may be unnecessary to consider the causes so assigned in argument. But as the same have been pressed in the argument, I will not pass over them in silence—

The first point relied on refers to the alledged indebtedness of James Abbot the Def$^t$ to the estate of James Abbot the Testator— It is contended that by making him Ex$^r$ the debt, if it ever existed, was thereby extinguished— I am not disposed at this stage of the proceedings to decide that point— It may be brought before the Court by exception to the masters report, should the case ever be referred, &

when so presented it will be considered under the report stating the facts going to shew the intention of the Testator—

The next exception refers to certain lands laying in the State of Indiana charged to be held by James Abbot in his own name but in trust for the Devisees of James Abbot senior— The jurisdiction of this Court in reference to that charge in the Bill has been denied, on the ground that the Court cannot decree a partition thereof amongst the Devisees as prayed— Whether the Court can give the Specific relief asked or not, is not a valid objection to the Jurisdiction, as under the gen[l] prayer of relief they can undoubtedly pass such a decree as upon the disclosure of facts and proof the justice of the Case may require, and inforce such decree in personam, the parties being within the jurisdiction of the Court.

The last exception is that the Bill contains multifarious matters— That there are distinct claims and liabilities set up—

I have serious doubts, if the Court Can decree on some of the charges set up in the Bill in its present shape— I understand that the complainants come before the Court as legatees of James and Mary Abbot, the Testator and testatrix and in that Capacity charge James Abbot as executor— Does he hold the lands at Vincennes in his capacity of Executor of James Abbot the Testator? The Bill does not charge him with holding them in that capacity, and yet in that Capacity he is called on to account— Further Rob[t] Abbot calls upon him to convey one third part of said Land to him not as Devisee, but as a creditor of James Abbot senior, a claim which in its nature is adverse to the claims of the devisees under the will of James Abbot of which he sets himself up as one— The claim of Rob[t] Abbott to the one third of the Vincennes land if supported must be on the ground of Debtor and creditor and not under the will— So far as this claim is set up it is as a creditor of the Testator—under the Copartnership of James Abbot & son—Robert Abbot is the surviving partner to whom the settlement of all the affairs of that firm belong, and not to the Executor of James Abbot— The Books papers and other property, belonging to that firm are by law placed in the hands of the surviving partner, and if wrongfully detained he has his action at Law to recover them— The Books papers and property of James Abbot and sons are legally in the possession of the surviving partners, who are liable to account to the Executor of James Abbot deceased, one of the late partners, for his proportion of the avails or profits of that concern, the debts being first paid and satisfied— The naming James Abbot Executor in the will of James Abbot the Testator, does not deprive him of his rights as surviving partner, nor does it give to the Legatees any new or other claims on him, than they would have had upon a stranger, who had been appointed Executor to said will under which they claim—

In reference to the devise made by the Testator James Abbot to Mary Abbot— The Bill avers that the Executor of James Abbot, did not during the lifetime of Mary Abbot, either assign to or pay her said third part of the Estate to which she was entitled to under his will  If so it seems to me that her share remains in his hands as Executor of James Abbot, and not in his hands as the representative of Mary Abbot— He is charged in the Bill by the Complainants in the latter Capacity, for the third part willed to her by James Abbot the Testator— It appears to me that the Executors of Mary Abbot are the competent persons to call on the Executor of James Abbot, deceased, to account, assign and pay over the bequest due them in right of Mary Abbot, and who will be accountable over to the Legatees of Mary Abbot for their respective shares under her will—

If James Abbot has administrated on the estate of Mary Abbot, he being named

Ex$^r$ will be considered in Law an acceptance of the Trust, and subject him to acc$^t$ in that Capacity, for whatever property came into his hands and possession belonging to said Mary, other than the portion of the estate of the Testator James Abbot which she claimed under the will—and for which he stands as a Debtor to her estate and must account to her legal representatives—

The demurrer I think must be sustained— But as it does not embrace the whole Bill I think the complainants may amend on terms so as to remove the objections, if they wish it—otherwise the Bill must be dismissed—

The terms should be the pay$^t$ of all Costs up to the present time—

The Court having heard the arguments of Counsel &$^c$ and having considered &$^c$ are of opinion that the plea be overruled as insufficient, and that the demurrer be sustained— And it is the further opinion of the Court, that the Pltff have leave to amend his Bill and that the Def$^t$ do make ans$^r$ and further that the Comp$^{ts}$ pay the costs up to the time of amendment—&$^c$